UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | |
|---|---|
| 7-ELEVEN, INC., a Texas corporation, <br><br> Plaintiff, <br><br> v. <br><br> 820 HEMPSTEAD AVE INC., a New York corporation; RAHUL NABE, an individual; and RAJAN NABE, an individual, <br><br> Defendants. | Civil Action No. |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, COUNTERFEITING,
UNFAIR COMPETITION, TRADEMARK DILUTION, AND BREACH OF CONTRACT**

Plaintiff, 7-Eleven, Inc., complains against defendants 820 Hempstead Ave Inc., Rahul Nabe and Rajan Nabe, doing business as 7-TWENTY FOUR, as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff, 7-Eleven Inc. ("7-Eleven"), is a Texas corporation which is doing business in the State of New York and has its principal place of business at One Arts Plaza, 1722 Routh Street, Suite 1000, Dallas, Texas 75201.

2.      Defendant, 820 Hempstead Ave., Inc. ("820 Hempstead"), upon information and belief, is a New York corporation doing business as "7-TWENTY FOUR" at 820 West Hempstead Avenue, West Hempstead, New York 11552.

3.      Defendant, Rahul Nabe, an individual, upon information and belief, is not a citizen of the State of Texas, and is a controlling principal of defendant 820 Hempstead.

4816-2973-6995.2

4. Defendant, Rajan Nabe, an individual, upon information and belief, is not a citizen of the State of Texas, and is a controlling principal of defendant 820 Hempstead. (Defendants 820 Hempstead, Rahul Nabe, and Rajan Nabe are collectively referred to as "Defendants").

5. This Court has jurisdiction by virtue of the following facts: (1) this is a civil action arising under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, jurisdiction being expressly conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a); and (2) this is a civil action in which plaintiff and defendants are citizens of different states and the value of the matter in controversy exceeds seventy-five thousand dollars ($75,000) exclusive of interest and costs, jurisdiction being expressly conferred in accordance with 28 U.S.C. § 1332(a). This Court has pendent jurisdiction over all related claims herein in accordance with 28 U.S.C. § 1338(b).

6. Venue is proper in the Eastern District of New York in accordance with 28 U.S.C. § 1391(b) because a substantial part of the events or omissions that give rise to this claim have occurred in this judicial district.

## FACTUAL BACKGROUND

### 7-Eleven's 7-ELEVEN Mark

7. Since long prior to the acts of the Defendants complained of herein, 7-Eleven has been engaged in the business, *inter alia*, of offering convenience store services and products to the general public at various locations throughout the United States, including within this judicial district.

8. Since at least as early as 1946, long prior to the acts of the Defendants complained of herein, 7-Eleven has provided its aforesaid convenience store services under the trade name and trademark 7-ELEVEN.

9. There are currently over 7,000 convenience stores throughout the United States, including within the State of New York, being operated by 7-Eleven or its franchisees under the aforesaid 7-ELEVEN name and mark.

10. Since long prior to the acts of Defendants complained of herein, 7-Eleven's 7-ELEVEN mark has been displayed on, *inter alia*, signage for its convenience stores.  A primary signage display of the 7-ELEVEN mark is a multicolored logo with a primarily red "7" traversed by a word element of the number "ELEVEN" displayed in green capital block letters, all displayed against a white background ("7-ELEVEN logo"), as depicted below:



11. Since long prior to the acts of the Defendants complained of herein, 7-Eleven and its franchisees annually have sold nationally billions of dollars of products and services under each of its aforesaid 7-ELEVEN name, mark, and logo and have annually spent millions of dollars to advertise and promote its convenience store services and related goods and services nationally under the aforesaid trade identities.

12. Since long prior to the acts of the Defendants complained of herein, 7-Eleven has owned an invaluable goodwill which is symbolized by each of the aforesaid 7-ELEVEN name, mark, and logo, the use of which substantially increases the value of 7-Eleven's and its franchisees' 7-ELEVEN stores and the salability of the goods and services sold through them.

13. By virtue of the aforesaid extensive use, advertising, and promotion, and since long prior to the acts of the Defendants complained of herein, each of 7-Eleven's aforesaid

7-ELEVEN name, mark, and logo has become well known among consumers, and acquired a strong secondary meaning signifying 7-Eleven, and each has become famous.

14. 7-Eleven has registered its aforesaid 7-ELEVEN name, mark, and logo in the United States Patent and Trademark Office. Such registrations include, but are not limited to, the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| [7-Eleven logo] | 718,016 | 07/04/1961 | Retail grocery service |
| 7-ELEVEN | 896,654 | 08/11/1970 | Retail grocery store service |
| [7-Eleven logo] | 920,897 | 09/21/1971 | Retail grocery store services |
| [7-Eleven logo] | 961,594 | 06/19/1973 | Various flavors of soft drinks |
| [7-Eleven logo] | 1,035,454 | 03/09/1976 | Sandwiches |
| [7-Eleven logo] | 1,288,594 | 08/07/1984 | Gasoline |
| [7-Eleven logo] | 1,402,425 | 07/22/1986 | Soft drinks for consumption on or off the premises |

4

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| 7-ELEVEN | 1,702,010 | 07/21/1992 | Coffee for consumption on or off the premises |
| 7-ELEVEN | 2,152,472 | 04/21/1998 | Telephone calling card services |
| [7-ELEVEN logo] | 2,642,740 | 10/29/2002 | Coffee, and semi-frozen flavored coffee-based beverages, for consumption on or off the premises; Soft drinks and semi-frozen soft drinks for consumption on or off the premises |
| 7-ELEVEN | 2,685,684 | 02/11/2003 | Retail store services featuring gasoline and retail store services featuring convenience store items |
| [7-ELEVEN logo] | 2,751,552 | 08/19/2003 | Clothing, namely caps |
| 7-ELEVEN | 2,765,976 | 09/23/2003 | Pens and stationery-type portfolios; Clothing, namely caps, jackets, shirts |
| [7-ELEVEN logo] | 2,834,419 | 04/20/2004 | Retail convenience store services |
| 7-ELEVEN | 2,914,788 | 12/28/2004 | Gasoline |
| 7-ELEVEN | 3,338,512 | 11/20/2007 | Gift card services and debit card services |
| [7-ELEVEN logo in color] | 3,679,337 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |
| [7-ELEVEN logo] | 3,679,341 | 09/08/2009 | Retail convenience store services featuring food and beverage products for consumption on or off the premises |

The aforesaid registrations are valid, subsisting, owned by 7-Eleven, and Reg. Nos. 718,016; 896,654; 920,897; 961,594; 1,035,454; 1,288,594; 1,402,425; 1,702,010; 2,152,472; 2,642,740; 2,685,684; 2,834,419; 2,914,788; and 3,338,512 are now incontestable in accordance with Sections 15 and 33 of the United States Trademark Act, 15 U.S.C. §§ 1065, 1115(b), and, therefore, conclusive evidence of the validity of those registered marks and of their registration, of 7-Eleven's ownership of those marks, and of 7-Eleven's exclusive right to use those marks on or in connection with the identified goods and services.

### 7-Eleven's SLURPEE Mark

15. Since at least as early as 1966, long prior to the acts of Defendants complained of herein, 7-Eleven has sold semi-frozen soft drinks under the mark SLURPEE.

16. Since long prior to the acts of the Defendants complained of herein, 7-Eleven and its franchisees annually have sold nationally billions of dollars of convenience store products and services and have annually spent millions of dollars to advertise and promote its convenience store products and services nationally, including its semi-frozen beverage products and related goods sold under 7-Eleven's SLURPEE mark.

17. By virtue of the aforesaid extensive use, advertising, and promotion, and since long prior to the acts of the Defendants complained of herein, 7-Eleven's aforesaid SLURPEE mark has acquired a strong secondary meaning signifying 7-Eleven and, indeed, has become famous and extremely well known among consumers.

18. 7-Eleven has registered its aforesaid SLURPEE mark in the United States Patent and Trademark Office. Such registrations include, but are not limited to, the following:

| MARK | REG. NO. | DATE | GOODS OR SERVICES |
|---|---|---|---|
| SLURPEE | 829,177 | 5/23/1967 | Fruit flavored, semi-frozen soft drinks |
| SLURPEE | 2,240,848 | 4/20/1999 | Clothing, namely t-shirts |
| SLURPEE | 3,151,476 | 10/3/2006 | Confectionary products, namely candy |
| SLURPEE | 3,494,101 | 8/26/2008 | Drinking straws |
| SLURPEE | 3,596,696 | 3/24/2009 | Beverage containers, namely, reusable plastic cups and mugs |

The aforesaid registrations are valid, subsisting, and owned by 7-Eleven. Furthermore, registration numbers 829,177; 2,240,848; 3,141,476; 3,494,101; and 3,596,696 are now incontestable in accordance with 15 U.S.C. §§ 1065 and 1115(b), and, therefore, conclusive evidence of the validity of those registered marks and of their registration, of 7-Eleven's ownership of those marks, and of 7-Eleven's exclusive right to use those marks on or in connection with identified goods and services.

### Defendant 820 Hempstead is a Former 7-Eleven Franchisee

19.     In September 2012, defendant 820 Hempstead and 7-Eleven entered into a franchise agreement ("Franchise Agreement"), pursuant to which 820 Hempstead became a franchisee to operate a 7-Eleven branded convenience store.

20.     The Franchise Agreement set forth a close out procedure which provided a number of actions that 820 Hempstead agreed to take upon termination of the Franchise Agreement, including to immediately remove and permanently discontinue use of any 7-Eleven trademarks and any colorable imitations or variations thereof.

21.     On January 29, 2015, defendant 820 Hempstead and 7-Eleven entered into a written agreement ("Termination Agreement") to terminate the Franchise Agreement. The

Termination Agreement obligated the parties to comply with the close out procedure set forth in the Franchise Agreement. The Termination Agreement also required 820 Hempstead to, on the January 29, 2015 termination date, immediately and permanently discontinue use of 7-Eleven's trademarks.

**COUNT I: FEDERAL TRADEMARK INFRINGEMENT AND COUNTERFEITING**

22. 7-Eleven realleges and incorporates by reference paragraphs 1 through 21 of this Complaint.

23. Long subsequent to 7-Eleven's aforesaid acquisition of its 7-ELEVEN name, mark, and logo, and subsequent to the termination date of the aforesaid Franchise Agreement, upon information and belief, Defendants, either individually or collectively, commenced simulating the 7-ELEVEN name, mark, and logo by adopting and using the mark 7-TWENTY FOUR for convenience store services, including a multicolored logo with a red "7" traversed by a word element of the number "TWENTY FOUR" displayed in green capital block letters, all displayed against a white background ("7-TWENTY FOUR Logo"), as depicted below:



24. Long subsequent to 7-Eleven's aforesaid acquisition of its SLURPEE mark, and subsequent to the termination date of the aforesaid Franchise Agreement, upon information and

belief, Defendants, either individually or collectively, commenced using, without authorization, a counterfeit of 7-Eleven's SLURPEE mark by, among other things, adopting and using the identical mark SLURPEE in connection with the sale of semi-frozen beverage products.

25. Defendants' use of each of the 7-TWENTY FOUR name, mark, and logo, falsely and deceptively represents that Defendants' convenience store services and products emanate from 7-Eleven, or are connected with, sponsored, or approved by 7-Eleven, and Defendants' use of each is likely to cause confusion with 7-Eleven's or its authorized franchisees' use of 7-Eleven's aforesaid famous 7-ELEVEN name, mark, and logo, or otherwise to cause deception or mistake as to source, sponsorship, or approval of Defendants' aforesaid convenience store services and products.

26. Defendants' use of the SLURPEE mark for semi-frozen beverage products falsely and deceptively represents that Defendants' convenience store services and products emanate from 7-Eleven, or are connected with, sponsored, or approved by 7-Eleven, and Defendants' use of such is likely to cause confusion with 7-Eleven's or its authorized franchisees' use of 7-Eleven's SLURPEE mark, or otherwise to cause deception or mistake as to source, sponsorship, or approval of Defendants' aforesaid convenience store services and products.

27. Subsequent to the termination date of the aforesaid Franchise Agreement, upon information and belief, Defendants commenced displaying store signage stating "Same store. Same merchandise. Same prices," all displayed in the front store windows of Defendants' store (the "Same Store Signage"), as depicted below:



Defendants' Same Store Signage uses a red, green, and white color scheme that simulates a color scheme frequently used by 7-Eleven.

28. By virtue of Defendants' participation in 7-Eleven's franchise program, upon information and belief, Defendants had knowledge of the invaluable goodwill symbolized by each of the aforesaid 7-ELEVEN name, mark, and logo, and SLURPEE mark. Accordingly, upon information and belief, Defendants adopted each of the 7-TWENTY FOUR name, mark, and logo for convenience store services, and the SLURPEE mark for semi-frozen beverage products, in order to deliberately and willfully trade upon the fame and goodwill represented by each of 7-Eleven's aforesaid trade identities.

29. The aforesaid unauthorized use of Defendants' 7-TWENTY FOUR name, mark, and logo infringes 7-Eleven's federally registered 7-ELEVEN name, mark, and logo in violation of Section 32 of the United States Trademark Act, 15 U.S.C. § 1114.

30. Defendants' aforesaid unauthorized use of the SLURPEE mark for semi-frozen beverage products constitutes a counterfeit copy of 7-Eleven's federally registered SLURPEE mark, and is a "counterfeit mark" within the meaning of Section 34 of the United States Trademark Act, 15 U.S.C. § 1116(d)(1)(B).

31. Defendants' aforesaid unauthorized use of the SLURPEE mark for semi-frozen beverage products infringes 7-Eleven's federally registered SLURPEE mark in violation of Section 32 of the United States Trademark Act, 15 U.S.C. § 1114.

32. Defendants' aforesaid acts are greatly and irreparably damaging to 7-Eleven and will continue to damage 7-Eleven until enjoined by this Court; wherefore, 7-Eleven is without adequate remedy at law.

## COUNT II: FEDERAL UNFAIR COMPETITION

33. 7-Eleven realleges and incorporates by reference paragraphs 1-13, 15-17, 19-21, 23-28, and 32 of this Complaint.

34. The aforesaid unauthorized use of each of Defendants' 7-TWENTY FOUR name, mark, and logo, Defendants' SLURPEE mark, and the Same Store signage constitutes use of one or more misleading uses of a word, term, name, symbol, trade dress, or device, or a combination thereof, in violation of Section 43(a) of the United States Trademark Act, 15 U.S.C. § 1125(a).

## COUNT III: NEW YORK STATUTORY UNFAIR COMPETITION

35. 7-Eleven realleges and incorporates by reference paragraphs 1-13, 15-17, 19-21, 23-28, and 32 of this Complaint.

36. The aforesaid unauthorized use of each of Defendants' 7-TWENTY FOUR name, mark, and logo, Defendants' SLURPEE mark, and the Same Store signage constitutes engagement in deceptive trade practices that are greatly damaging to 7-Eleven, in violation of the State of New York's Consumer Protection From Deceptive Acts and Practices Statute, N.Y. Gen. Bus. Law § 349.

## COUNT IV: NEW YORK COMMON LAW UNFAIR COMPETITION

37. 7-Eleven realleges and incorporates by reference paragraphs 1-13, 15-17, 19-21, 23-28, and 32 of this Complaint.

38. Upon information and belief, Defendants have been unjustly enriched by their aforesaid acts.

39. Upon information and belief, Defendants' aforesaid acts have been willful or in reckless disregard of 7-Eleven's aforesaid rights.

40. Defendants' aforesaid acts constitute one or more violations of the common law of unfair competition of the State of New York. *See* N.Y. Gen Bus. Law § 360-o.

## COUNT V: FEDERAL TRADEMARK DILUTION

41. 7-Eleven realleges and incorporates by reference paragraphs 1-21, 23-28, and 32 of this Complaint.

42. Since long prior to the acts of the Defendants complained of herein, each of the 7-ELEVEN name, mark, and logo, and the SLURPEE mark, became famous within the meaning of Section 43(c)(2) of the United States Trademark Act, 15 U.S.C. § 1125(c)(2).

43. The aforesaid unauthorized use of each of Defendants' 7-TWENTY FOUR name, mark, and logo dilutes the distinctiveness of the 7-ELEVEN name, mark, and logo in violation of Section 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).

44. Defendants' aforesaid unauthorized use the SLURPEE mark for semi-frozen beverage products dilutes the distinctiveness of 7-Eleven's SLURPEE mark in violation of Section 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).

## COUNT VI: NEW YORK TRADEMARK DILUTION

45. 7-Eleven realleges and incorporates by reference paragraphs 1-21, 23-28, and 32 of this Complaint.

46. Since long prior to the acts of the Defendants complained of herein, each of the 7-ELEVEN name, mark, and logo, and the SLURPEE mark, have acquired a distinctive quality capable of protection under New York's Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-l.

47. The aforesaid unauthorized use of each of Defendants' 7-TWENTY FOUR name, mark, and logo dilutes the distinctive quality of the 7-ELEVEN name, mark, and logo in violation of New York's Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-l.

48.     Defendants' aforesaid unauthorized use the SLURPEE mark for semi-frozen beverage products dilutes the distinctiveness of 7-Eleven's SLURPEE mark in violation of New York's Anti-Dilution Statute, N.Y. Gen. Bus. Law § 360-l.

## COUNT VII: BREACH OF CONTRACT

49.     7-Eleven realleges and incorporates by reference paragraphs 1-21, 23-28, and 32 of this Complaint.

50.     7-Eleven has performed its obligations under the Franchise Agreement and the Termination Agreement.

51.     Defendant 820 Hempstead materially breached its obligations under the Franchise Agreement and the Termination Agreement by failing to, upon termination of the Franchise Agreement, immediately remove and permanently discontinue use of the SLURPEE mark on semi-frozen beverage products.

52.     Defendant 820 Hempstead further materially breached its obligations under the Franchise Agreement and the Termination Agreement by commencing use, after termination of the Franchise Agreement, of the 7-TWENTY FOUR name, mark, and logo which are colorable imitations and/or variations of the 7-ELEVEN name, mark, and logo.

53.     7-Eleven has been damaged by each of 820 Hempstead's material breaches of the Franchise Agreement and Termination Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff 7-Eleven, Inc. prays for judgment against each of the Defendants, 820 Hempstead Ave Inc., Rahul Nabe, and Rajan Nabe, that:

1.     Defendant 820 Hempstead Ave Inc., and each of its directors and officers, including Rahul Nabe and Rajan Nabe, and each of their respective partners, agents, employees,

and attorneys, and all those in active concert or participation with any of them, be permanently enjoined from:

      a.     using the 7-TWENTY FOUR name, mark, and logo;

      b.     using any name, mark, or logo consisting in whole or in part of the numerals "7" or "11" or the words "seven" or "eleven" for convenience stores or related products or services;

      c.     using any other name, mark, or logo which is a reproduction, counterfeit, copy, or colorable imitation of 7-Eleven's 7-ELEVEN name, mark, or logo, for convenience stores or related products or services;

      d.     using any other name, mark, logo, or trade dress displayed in any color combination which includes any word or numeral element traversed by any other word or numeral element displayed against any geometrically shaped background;

      e.     using any other name, mark, logo, or trade dress displayed in any color combination, with or without additional colors, which includes in combination two or more of the colors red, green, and orange for convenience store or related products or services;

      f.     using the SLURPEE mark;

      g.     using any other name, mark, or logo which consists, in whole or in part, of "slurp," "slurpie," or "slurpy," for beverage products;

      h.     using any other name, mark, or logo which is a reproduction, counterfeit, copy, or colorable imitation of 7-Eleven's SLURPEE mark, for convenience stores or related products or services, including semi-frozen beverage products;

    i.  doing any other act or thing likely to confuse, mislead, or deceive others into believing that Defendants, their services, or products emanate from 7-Eleven or are connected with, sponsored by, or approved by 7-Eleven;

    j.  doing any other act or thing likely to dilute the distinctiveness of 7-Eleven's trade identities including the 7-ELEVEN name, mark, or logo, or the SLURPEE mark; and

    k.  aiding or assisting any person engaging in any of the acts prohibited by sub-sections (a) through (j) above.

  2.  Defendants 820 Hempstead Ave Inc., Rahul Nabe, and Rajan Nabe be required, jointly and severally, to pay to 7-Eleven the following:

    a.  In accordance with 15 U.S.C. § 1117(c), statutory damages in the amount of $2,000,000 for Defendants' willful use of a counterfeit mark;

    b.  In accordance with 15 U.S.C. § 1117(a), three times such damages as 7-Eleven has suffered as a result of Defendants' acts of infringement, unfair competition, and dilution, three times all profits wrongfully derived by Defendants from such acts, and 7-Eleven's costs, including reasonable attorney's fees;

    c.  In accordance with N.Y. Gen. Bus. Law § 349, restitution and actual damages suffered by 7-Eleven as a result of Defendants' acts of unfair competition, as well as 7-Eleven's reasonable attorney's fees;

    d.  In accordance with the common law of the State of New York, restitution and actual damages suffered by 7-Eleven as a result of Defendants' acts of unfair competition, as well as punitive damages in a sum sufficient to deter future acts of unfair competition.

3.     Defendants 820 Hempstead Ave Inc., Rahul Nabe, and Rajan Nabe be required, in accordance with 15 U.S.C. § 1118, to deliver up to 7-Eleven for destruction all labels, signs, prints, packages, wrappers, receptacles, and advertisements in its, his or their possession bearing the 7-ELEVEN name, mark, or logo, Defendants' 7-TWENTY FOUR name, mark, or logo, the SLURPEE mark, or any other reproduction, counterfeit copy or colorable imitation of 7-Eleven's 7-ELEVEN name, mark, or logo, or SLURPEE mark, and all plates, models, matrices, and other means of making same.

4.     7-Eleven have such other and further relief as the Court deems just and equitable.

Dated: June 12, 2015                                              Respectfully submitted,

/s/ *Anne B. Sekel*
Anne B. Sekel
asekel@foley.com
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: 212-682-7474
Fax: 212-687-2329

*Attorneys for Plaintiff,*
*7-Eleven, Inc.*

Charles R. Mandly, Jr.
cmandly@foley.com
FOLEY & LARDNER LLP
321 North Clark Street, Suite 2800
Chicago, IL 60654
Telephone: 312-832-4500
Fax: 312-832-4700

OF COUNSEL